IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KOCH PIPELINE COMPANY, L.P. | § | |
| | § | |
| V. | § | C.A. No. C-00-100 |
| | § | (JURY REQUESTED) |
| WENDEL & ASSOCIATES, INC. | § | |

**DEFENDANT'S FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WENDEL & ASSOCIATES, INC. ("Wendel") Defendant in the above-entitled and numbered cause and files its First Amended Answer.

**I.**
**Admissions and Denials**

1. The allegations in paragraph 1 do not pertain to Wendel; therefore, no response is necessary. However, to the extent a response is required, Wendel denies the allegations in paragraph 1.

2. Admitted.

3. Wendel admits only that the parties are citizens of different states. Wendel is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 3. However, to the extent a response is required, Wendel denies the remainder of the allegations in paragraph 3.

4. Admitted.

5. Defendant admits the allegations in the first sentence of paragraph 5. As for the second sentence, Wendel admits only that a copy of Koch's Intermittent Services Agreement is attached as Exhibit "A" to Plaintiff's Original Complaint.

6. Wendel admits only that Mr. Robert Couser assisted Koch with switching rectifier units at Koch's request. Wendel denies the remainder of the allegations in paragraph 6.

7. The allegations in paragraph 7 constitute Plaintiff's characterization of the case to which no response is necessary. However, to the extent a response is required, Wendel denies the allegations in paragraph 7.

8. Wendel denies that Mr. Couser improperly connected the wires or that Mr. Couser was negligent. Wendel is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 8. However, to the extent a response is required, Wendel denies the remainder of the allegations in paragraph 8.

9. Wendel denies the rectifier was wired negligently. Wendel is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 9. However, to the extent a response is required, Wendel denies the remainder of the allegations in paragraph 9.

10. Denied.

11. Denied.

12. The allegations in paragraph 12 constitute legal conclusions; therefore, no response is necessary. However, to the extent a response is required, Wendel denies the allegations and legal conclusions in paragraph 12.

13. The allegations in paragraph 13 constitute legal conclusions and Plaintiff's characterization of the relief sought in this case to which no response is necessary. However, to the extent a response is required, Wendel denies the allegations and legal conclusions in paragraph 13.

14. Denied.

2

15. The allegations in paragraph 15 constitute Plaintiff's characterization of the relief sought in this case to which no response is necessary. However, to the extent a response is required, Wendel denies the allegations in paragraph 15.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Koch's claims are barred under the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Koch's claims are barred by the doctrines of laches, waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Koch failed to mitigate damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

The allegations against Wendel are not plead with sufficient specificity as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

Wendel was justified in its acts and conduct and is not liable to Koch as alleged in the Original Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Wendel affirmatively pleads that Koch suffered no damages, economic or otherwise, by virtue of any acts by Wendel.

3

ClibPDF - www.fastio.com

## NINTH AFFIRMATIVE DEFENSE

Wendel affirmatively pleads that Mr. Couser acted as Koch's borrowed servant and, as such, Wendel is not liable to Koch.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

Wendel affirmatively pleads the defense of ratification.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are grounded in tort, Plaintiff's damages, if any, were due in whole or in part to the negligence of others, known or unknown, over which the Wendel exercised no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are grounded in tort, Plaintiff's damages, if any, were due in whole or in part to the negligence, acts, or omissions of others and any award should be decreased for this comparative negligence or comparative fault pursuant to applicable Texas law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's contractual claims fail for lack of consideration.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for the failure to follow all conditions precedent.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant specifically denies that Mr. Couser "replaced" the rectifier pursuant to the Intermittent Services Agreement between Koch and Wendel as alleged in the Original Complaint.

4

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant specifically denies that Mr. Couser was acting within the scope and course of his duties for Wendel when Koch personnel requested his assistance in switching the rectifiers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Wendel reserves the right to seek attorneys' fees, costs and interest pursuant to any state or federal statute and/or state or federal rule. In addition, Wendel will rely on any and all other defenses which become available or appear during discovery or other proceedings in this action and specifically reserves the right to amend its Answer for the purpose of asserting any such additional affirmative defenses.

## **DEMAND FOR JURY TRIAL**

Please take notice that Wendel hereby demands a trial by jury on all issues so triable in this matter.

WHEREFORE, Defendant, Wendel & Associates, Inc., prays:

1. Plaintiff's claims be dismissed with prejudice.

2. Plaintiff pays to Defendant the costs of this action and reasonable attorneys' fees to be allowed to Defendant by the court.

3. Defendant has such other and further relief as is just.

Dated: May _16_, 2000.

5

Respectfully submitted,

By: _____
Nathan M. Rymer
State Bar No.: 00792814
Federal I.D. No.: 18902
2801 Post Oak Blvd., Ste. 250
Houston, Texas 77056
Telephone: (713) 626-1550
Telecopier: (713) 626-1558

ATTORNEY-IN-CHARGE FOR DEFENDANT,
WENDEL & ASSOCIATES, INC.

OF COUNSEL:
SMITH, RYMER, MOORE & MOOS, P.C.
Marvin C. Moos
State Bar No.: 14413900
Federal I.D. No.: 15545
Ewell H. "Jack" Jackson, IV
State Bar No.: 00792598
Federal I.D. No.: 18775

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon opposing counsel of record herein via Certified Mail, Return Receipt Requested and by facsimile, on this 16th day of May, 2000, addressed as follows:

Mr. Gene R. Ward
Mr. Tom Harrison
Hornblower, Manning & Ward
P.O. Box 2725
Corpus Christi, Texas 78403-2728

_____
Marvin C. Moos

6