IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**OCT 27 2000**

MICHAEL N. MILBY  CLERK

| | | |
|---|---|---|
| KOCH PIPELINE COMPANY, L.P. | § | |
| | § | |
| V. | § | C.A. No. C-00-100 |
| | § | (JURY REQUESTED) |
| WENDEL & ASSOCIATES, INC. | § | |

## UNOPPOSED MOTION FOR LEAVE TO FILE FOURTH AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WENDEL & ASSOCIATES, INC. ("Wendel"), Defendant in the above-entitled and numbered cause and files its Unopposed Motion for Leave to File Fourth Amended Answer and, in support of same, would respectfully show this Honorable Court as follows:

## I.
## Introduction

1.      This Motion for Leave is being filed within the pleading amendment deadline set forth in the Scheduling Order entered by the Court.  Plaintiff's counsel is unopposed to this Motion for Leave.  Pursuant to the Federal Rules and well-established case law, leave of Court to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).  Defendant is requesting leave in order to conform its pleadings to the information obtained in discovery to date.

WHEREFORE, PREMISES CONSIDERED, Defendant, Wendel & Associates, Inc. respectfully requests that its Motion for Leave to file its Fourth Amended Answer be granted and for such other and further relief to which it may show itself justly entitled.

Dated:  October 23, 2000.

Respectfully submitted,

By:_____

Nathan M. Rymer
State Bar No.: 00792814
Federal I.D. No.: 18902
2801 Post Oak Blvd., Ste. 250
Houston, Texas 77056
Telephone: (713) 626-1550
Telecopier: (713) 626-1558

ATTORNEY-IN-CHARGE FOR DEFENDANT,
WENDEL & ASSOCIATES, INC.

OF COUNSEL:
SMITH, RYMER, MOORE & MOOS, P.C.
Marvin C. Moos
State Bar No.: 14413900
Federal I.D. No.: 15545
Ewell H. "Jack" Jackson IV
State Bar No.: 00792598
Federal I.D. No.: 18775

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant conferred with counsel for Plaintiff, Koch Pipeline Company, L.P. and that this motion is unopposed.

_____
Nathan M. Rymer

2

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon opposing counsel of record herein via Certified Mail, Return Receipt Requested and by facsimile, on this ___26___ day of October, 2000, addressed as follows:

Mr. Gene R. Ward
Mr. Tom Harrison
Hornblower, Manning & Ward
P.O. Box 2725
Corpus Christi, Texas 78403-2728


Nathan M. Rymer

3

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KOCH PIPELINE COMPANY, L.P. | § | |
| | § | |
| V. | § | C.A. No. C-00-100 |
| | § | (JURY REQUESTED) |
| WENDEL & ASSOCIATES, INC. | § | |

## ORDER

On this day came to be considered Defendant's Unopposed Motion for Leave to Fourth

Amended Answer.  The Court, having reviewed the motion is of the opinion such motion should

be GRANTED.  It is therefore,

ORDERED, ADJUDGED and DECREED that Defendant's Unopposed Motion for

Leave to File Fourth Amended Answer is hereby GRANTED.

SIGNED this _____ day of _____, 2000.


_____
HONORABLE JANIS G.  JACK
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

KOCH PIPELINE COMPANY, L.P.        §
                                   §
V.                                 §        C.A. No. C-00-100
                                   §        (JURY REQUESTED)
WENDEL & ASSOCIATES, INC.          §

## DEFENDANT'S FOURTH AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WENDEL & ASSOCIATES, INC. ("Wendel") Defendant in the above-entitled and numbered cause and files its Fourth Amended Answer.

## I.
## ADMISSIONS AND DENIALS

1.     The allegations in paragraph 1 do not pertain to Wendel; therefore, no response is necessary.   However, to the extent a response is required, Wendel denies the allegations in paragraph 1.

2.     Admitted.

3.     Wendel admits only that the parties are citizens of different states.   Wendel is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 3.   However, to the extent a response is required, Wendel denies the remainder of the allegations in paragraph 3.

4.     Admitted.

5.     Defendant admits the allegations in the first sentence of paragraph 5.   As for the second sentence, Wendel admits only that a copy of Koch's Intermittent Services Agreement is attached as Exhibit "A" to Plaintiff's Original Complaint.

6.      Wendel admits only that Mr. Robert Couser assisted Koch with switching rectifier units at Koch's request.  Wendel denies the remainder of the allegations in paragraph 6.

7.      The allegations in paragraph 7 constitute Plaintiff's characterization of the case to which no response is necessary.  However, to the extent a response is required, Wendel denies the allegations in paragraph 7.

8.      Wendel denies that Mr. Couser improperly connected the wires or that Mr. Couser was negligent.  Wendel is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 8.  However, to the extent a response is required, Wendel denies the remainder of the allegations in paragraph 8.

9.      Wendel denies the rectifier was wired negligently.  Wendel is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 9.  However, to the extent a response is required, Wendel denies the remainder of the allegations in paragraph 9.

10.     Denied.

11.     Denied.

12.     The allegations in paragraph 12 constitute legal conclusions; therefore, no response is necessary.  However, to the extent a response is required, Wendel denies the allegations and legal conclusions in paragraph 12.

13.     The allegations in paragraph 13 constitute legal conclusions and Plaintiff's characterization of the relief sought in this case to which no response is necessary.  However, to the extent a response is required, Wendel denies the allegations and legal conclusions in paragraph 13.

14.     Denied.

2

ClibPDE - www.fastio.com

15.     The allegations in paragraph 15 constitute Plaintiff's characterization of the relief sought in this case to which no response is necessary.  However, to the extent a response is required, Wendel denies the allegations in paragraph 15.

## II.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16.     The Court lacks jurisdiction over the subject matter.

### SECOND AFFIRMATIVE DEFENSE

17.     The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

18.     Koch's claims are barred under the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

19.     Koch's claims are barred by the doctrines of laches, waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

20.     Koch failed to mitigate damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

21.     The allegations against Wendel are not plead with sufficient specificity as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

22.     Wendel was justified in its acts and conduct and is not liable to Koch as alleged in the Original Complaint.

3

## EIGHTH AFFIRMATIVE DEFENSE

23.     Wendel affirmatively pleads that Koch suffered no damages, economic or otherwise, by virtue of any acts by Wendel.

## NINTH AFFIRMATIVE DEFENSE

24.     Wendel affirmatively pleads that Mr. Couser acted as Koch's borrowed servant and, as such, Wendel is not liable to Koch.

## TENTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

26.     Wendel affirmatively pleads the defense of ratification.

## TWELFTH AFFIRMATIVE DEFENSE

27.     To the extent Plaintiff's claims are grounded in tort, Plaintiff's damages, if any, were due in whole or in part to the negligence of others, known or unknown, over which the Wendel exercised no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

28.     To the extent Plaintiff's claims are grounded in tort, Plaintiff's damages, if any, were due in whole or in part to the negligence, acts, or omissions of others and any award should be decreased for this comparative negligence or comparative fault pursuant to applicable Texas law.

## FOURTEENTH AFFIRMATIVE DEFENSE

29.     Defendant's contractual claims fail for lack of consideration.

## FIFTEENTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred for the failure to follow all conditions precedent.

4

## SIXTEENTH AFFIRMATIVE DEFENSE

31.     Defendant specifically denies that Mr. Couser "replaced" the rectifier pursuant to the Intermittent Services Agreement between Koch and Wendel as alleged in the Original Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

32.     Defendant specifically denies that Mr. Couser was acting within the scope and course of his duties for Wendel when Koch personnel requested his assistance in switching the rectifiers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

33.     Wendel reserves the right to seek attorneys' fees, costs and interest pursuant to any state or federal statute and/or state or federal rule.  In addition, Wendel will rely on any and all other defenses which become available or appear during discovery or other proceedings in this action and specifically reserves the right to amend its Answer for the purpose of asserting any such additional affirmative defenses.

## NINETEENTH AFFIRMATIVE DEFENSE

34.     Defendant affirmatively pleads that the corrosion and/or damages to the pipelines claimed by Plaintiff constitute a pre-existing condition.  Specifically, the corrosion in question existed prior to the alleged incidents made the basis of this lawsuit.

## TWENTIETH AFFIRMATIVE DEFENSE

35.     Defendant affirmatively pleads that Plaintiff's negligence was the sole cause and/or a proximate cause of the Plaintiff's alleged damages.

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

36.     Defendant specifically invokes Chapter 33 of the Texas Civil Practice & Remedies Code and the limitations contained therein as an affirmative defense.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

37.     Defendant specifically invokes the affirmative defense of comparative responsibility and the limitations associated therewith.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

38.     Defendant further invokes the affirmative defense of proportionate responsibility and the provisions associated therewith.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

39.     Defendant affirmatively pleads Sections 33.001 and 33.003 of the Texas Civil Practice & Remedies Code and the limitations contained therein as an affirmative defense.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

40.     Defendant further affirmatively pleads that Plaintiff's alleged damages were proximately caused, in whole or in part, by Plaintiff's failure to comply with 49 CFR §195.422(a), 49 CFR §195.10 and Texas Adm. Code, Title 16, §7.81.  Specifically, in the event that the rectifier was installed improperly, Plaintiff was negligent in failing to discover and correct any problems with the rectifier at the time of installation and/or at the time the rectifier readings were made in violation of said rules and regulation.  This also constitutes negligence per se.

6

ClibPDF - www.fastio.com

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

41.    Defendant further affirmatively pleads that Plaintiff failed to properly identify and report a safety related condition pursuant to 49 CFR §195.55 and Texas Adm. Code, Title 16, §7.81.  This also constitutes negligence per se.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

42.    Defendant further affirmatively pleads that Plaintiff's alleged damages were caused by Plaintiff's negligence in training its employees pursuant to 49 CFR §195.403 and Texas Adm. Code, Title 16, §7.81.  Specifically, Plaintiff's employees should have been trained properly to recognize any problems in the installation of the rectifier and to recognize potential for compromise of pipeline integrity once reversal was discovered.   This also constitutes negligence per se.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

43.    Defendant further asserts that Plaintiff's alleged damages were proximately caused, in whole or in part, by Plaintiff's failure to comply with Texas Adm. Code, Title 16, §7.86(6) by failing to discover the alleged problems during monitoring.  This also constitutes negligence per se.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

44.    Defendant further affirmatively pleads spoliation of evidence with regard to the sections of the pipeline that were replaced by Plaintiff.

## THIRTIETH AFFIRMATIVE DEFENSE

45.    Defendant further affirmatively pleads that the alleged corrosion was proximately caused by factors other than the alleged reversed rectifier.

## III.
## DEMAND FOR JURY TRIAL

46.    Please take notice that Wendel hereby demands a trial by jury on all issues so triable in this matter.

WHEREFORE, Defendant, Wendel & Associates, Inc., prays:

1.    Plaintiff's claims be dismissed with prejudice.

2.    Plaintiff pays to Defendant the costs of this action and reasonable attorneys' fees to be allowed to Defendant by the court.

3.    Defendant has such other and further relief as is just.

Dated:  October 23, 2000.

Respectfully submitted,

By: _____

Nathan M. Rymer
State Bar No.: 00792814
Federal I.D. No.: 18902
2801 Post Oak Blvd., Ste. 250
Houston, Texas 77056
Telephone: (713) 626-1550
Telecopier: (713) 626-1558

ATTORNEY-IN-CHARGE FOR DEFENDANT,
WENDEL & ASSOCIATES, INC.

OF COUNSEL:
SMITH, RYMER, MOORE & MOOS, P.C.
Marvin C. Moos
State Bar No.: 14413900
Federal I.D. No.: 15545
Ewell H. "Jack" Jackson, IV
State Bar No.: 00792598
Federal I.D. No.: 18775

8

# CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon opposing counsel of record herein via Certified Mail, Return Receipt Requested and by facsimile, on this __26__ day of October, 2000, addressed as follows:

Mr. Gene R. Ward
Mr. Tom Harrison
Hornblower, Manning & Ward
P.O. Box 2725
Corpus Christi, Texas 78403-2728


_____
Nathan M. Rymer

9